UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEPHEN WAYNE WILLIAMS                                    CIVIL ACTION

VERSUS                                                    NO. 10-02309

TRAYLOR-MASSMAN-WEEKS, LLC, et al.                        SECTION: "C" (4)


ORDER and REASONS[1]

Before the Court is a Motion for Summary Judgment, filed by defendant Shaw Environmental & Infrastructure, Inc. ("Shaw"). (Rec. Doc. 41). Plaintiff Stephen Wayne Williams ("Plaintiff") opposes the motion. (Rec. Doc. 52). Having reviewed the memoranda of the parties, the record in the case, and the applicable law, the Court GRANTS the motion for the following reasons.


BACKGROUND

Shaw was hired by the U.S. Army Corps of Engineers to oversee the Inner Harbor Navigational Canal Project. (Rec. Doc. 41-1 at 1). To provide certain services involved with this project, Shaw contracted with several sub-contractors including Traylor-Massman-Weeks, LLC ("TMW") and Eustis Engineering, Inc. ("Eustis"). *Id*. Plaintiff, a Eustis employee, suffered injuries while working on the project, and he subsequently filed suit against Shaw, TMW, and Eustis. *Id*. at 2. Shaw claims that as a principal contractor, they cannot be held liable for any torts committed by their independent contractors. *Id*. at 6. In response, Plaintiff claims that Shaw exerted control

---

[1] Greg Feeney, a second year student at Loyola University New Orleans College of Law, assisted in the preparation of this order.

over TMW's safety procedures, and Plaintiff requests more time for discovery concerning whether this issue affects Shaw's possible liability. (Rec. Doc. 52 at 3).

## LAW and ANALYSIS

### a. Standard of Review

Summary judgment is proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

### b.  Principal Liability

"'A principal is generally not liable for the offenses an independent contractor commits in the course of performing contractual duties.'" *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 270 (5th Cir. 1992) (quoting *Triplette v. Exxon Corp.*, 554 So.2d 1361, 1362 (La. App. 1st Cir. 1989)).  "'The relationship between the principal and the independent contractor is in large measure determined by the terms of the contract itself.'" *Id.* at 269 (quoting *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 193 (5th Cir. 1991).  However, an exception to the general rule exists if: (1) the work to be performed is "ultra-hazardous" or (2) the principal reserves the right to supervise or control the work.  *Id.* at 270.  Operational control exists if the principal has direct supervision over the independent contractor's step-by-step process of accomplishing the work.  *Id*.  Further, "[t]he fact that a principal takes an active interest in the safety of the employees of its independent contractor does not, in and of itself constitute direct operational control."  *Id*. (quoting *Duplantis*, 948 F.2d at 193).

In this case, the contract between Shaw and Eustis creates a principal-independent contractor relationship.  Section 10 of the work agreement contract between Shaw and Eustis states that "it is expressly understood that CONTRACTOR [Eustis] is an independent CONTRACTOR," and the work will be "under the control and direction of CONTRACTOR [Eustis]."  (Rec. Doc. 41-2 at 3).  To defeat summary judgment, Plaintiff argues that Shaw can be held liable because Shaw exercised control over the actions of both Eustis and TMW.  (Rec. Doc. 52 at 2).  The only evidence produced by Plaintiff to support his argument is the contract between Shaw and TMW, which shows that TMW was required to have a Shaw-approved safety plan before beginning the work.  (Rec. Doc. 52-1).  Plaintiff claims Shaw's involvement with the safety plan establishes control, and Plaintiff requests more time for discovery concerning this issue.  However, in *LeJeune v. Shell Oil Co.*, the

Fifth Circuit recognized that although a principal required certain safety procedures to be followed by its sub-contractors, this did not establish operational control. 950 F.2d at 270. Even if Shaw had an interest in the safety of its independent contractors' employees, this is not enough to show operational control. Additionally, Plaintiff does not cite any similar terms in the contract between Shaw and the Plaintiff's employer, Eustis. (Rec. Doc. 78-1 at 2). Thus, as Plaintiff has failed to produce any evidence establishing an exception to the general rule, this Court finds that summary judgment is appropriate. Shaw was a principal and thus cannot be held liable for any offenses committed by their sub-contractors Eustis or TMW.

## CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment (Rec. Doc. 41) is GRANTED.

New Orleans, Louisiana, this 19th of July, 2011.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**