UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEPHEN WAYNE WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2309** |
| **TRAYLOR-MASSMAN-WEEKS, LLC, et al.** | **SECTION: "C" (4)** |

**ORDER AND REASONS**[1]

Before the Court is Defendant's Motion for Summary Judgment, filed by Defendant Shaw Environmental & Infrastructure, Inc. ("Shaw") in regard to its cross-claim filed against Eustis Engineering, Inc. ("Eustis"). (Rec. Doc. 40). Eustis opposes the motion. (Rec. Doc. 54). Having reviewed the memoranda of the parties, the record in the case, and the applicable law, the Court GRANTS the motion for the following reasons.

**I. BACKGROUND**

The United States Army Corps of Engineers retained Shaw to oversee the Inner Harbor Navigational Canal Project ("the project"). (Rec. Doc. 40-1 at 1). Shaw then retained several sub-contractors for the various tasks necessary to complete the project. *Id.* Eustis, one of these sub-contractors, entered a Work Agreement with Shaw on July 12, 2008, which defined the parties' scope of work and contractual obligations. *Id.* at 1-2. As part of the Work Agreement, Shaw and Eustis agreed to an indemnity and defense provision that required Eustis to:

> [D]efend, indemnify and hold harmless and hereby release[] [Shaw] . . . from and against all liabilities, losses, damages, demands, claims, suits, fines, penalties, costs and expenses including reasonable legal fees and other expenses of investigation and litigation arising out of or related to [Eustis'] breach of this Agreement and/or for all injuries to and death of persons and for loss of or damage to property arising out of or related to services performed by [Eustis] . . .; except to the extent such liabilities

---

[1] Scott Reid, a second year law student at Tulane University Law School, assisted in the preparation of this order.

or losses are attributable to the sole negligence or willful misconduct of [Shaw]. (Rec. Doc. 40-2 at 2).

During the relevant period, Stephen Wayne Williams ("Williams") was an employee at Eustis. (Rec. Doc. 40-1 at 2). Williams alleges that he suffered "disabling injuries to his neck, legs, back and other parts of his body" while attempting to board the Manitowoc 7000 Barge ("the barge") on December 7, 2009. (Rec. Doc. 1 at 4); (Rec. Doc. 75-4 at 7). After his alleged injury, Williams filed suit against Traylor-Massman-Weeks, L.L.C. ("TMW"), Shaw, and Eustis. (Rec. Doc. 1); (Rec. Doc. 21). Shaw then filed a cross-claim against Eustis, seeking indemnity and defense pursuant to the terms of the Work Agreement. (Rec. Doc. 24 at 2-3). Eustis refused to waive service of Shaw's cross-claim, which resulted in Shaw serving Eustis with a summons and cross-claim on June 8, 2011. (Rec. Doc. 85); (Rec. Doc. 102). Eustis answered Shaw's cross-claim on June 23, 2011. (Rec. Doc. 95).

## II. LAW AND ANALYSIS

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."  *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations."  *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

In the present action, Shaw alleges that the Work Agreement obligates Eustis to defend and indemnify Shaw of any liability owed to Williams.  (Rec. Doc. 40-1 at 3-4).  In response Eustis asserts two arguments in opposition to summary judgment.  First, Eustis argues that its contractual obligations to defend and indemnify Shaw under the Work Agreement are contingent upon an unresolved material question of fact as to whether Shaw owned, operated, and/or chartered the barge. (Rec. Doc. 54 at 4).  Second, Eustis alleges that Shaw's Motion for Summary Judgment is premature because Eustis was never properly served with Shaw's Cross-Claim.  *Id*. at 4.

As a preliminary matter, this Court holds that Eustis' alleged issue of improper service of process has been resolved.  The record shows that Eustis was served on June 8, 2011.  (Rec. Doc. 85).  Furthermore, Eustis has since responded to Shaw's cross-claim.  (Rec. Doc. 95).  Moreover, Eustis has provided a substantive response to the present motion for summary judgment.  (Rec. Doc. 54).  Thus, the Court concludes that Eustis has not been subject to surprise as a result of improper

3

service of process. Therefore, the June 8, 2011 service of process and Eustis' subsequent response render the issue moot.

Eustis alleges that the Work Agreement's defense and indemnity provision is unenforceable because Shaw owned, chartered, or operated the barge and the Longshore Harbor Workers' Compensation Act ("LHWCA") bars vessel owners from receiving indemnity from a covered employee's employer. (Rec. Doc. 54 at 2-3). In relevant part, the LHWCA states:

> In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as third party . . . and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void.

33 U.S.C. § 905(b). The parties agree that this provision of the LHWCA would bar Shaw's contractual defense and indemnity claim in this case if Shaw were found to own, charter, or operate the barge. (Rec. Doc. 54 at 2); (Rec. Doc. 75 at 2). In this case, Eustis itself has stated that the barge was owned and operated by TMW. (Rec. Doc. 41-1 at 2). Thus, the Court must determine only whether a question of fact remains as to whether Shaw chartered the barge. Shaw's Reply to Eustis' Opposition to Motion for Summary Judgment includes a charter agreement for the barge that identifies Massman Construction Co. as the owner of the barge and TMW as the charterer of the barge. (Rec. Doc. 75-4 at 12). In light of this evidence presented by Shaw, as well as Eustis' failure to present any evidence to the contrary, the Court concludes that no question of fact remains as to whether Shaw chartered the barge. Accordingly, § 905(b) of the LHWCA does not apply to the present matter as a means of barring Shaw from enforcing the Work Agreement's defense and indemnity claim.

Having concluded that the LHWCA does not bar Shaw's enforcement of the Work

Agreement's defense and indemnity clause against Eustis, this Court now turns its analysis to the enforceability of the provision as written in the Work Agreement. Under Louisiana law, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code Ann. art. 2046 (1984). Furthermore, "[a] contract of indemnity should be construed to cover all losses, damages, or liabilities which reasonably appear to have been within the contemplation of the parties." *Corbitt v. Diamond M. Drilling Co.*, 654 F.2d 329, 333 (5th Cir. 1981). In this case, Section 7 of the Work Agreement clearly requires Eustis to defend and indemnify Shaw against liabilities that arise out of services performed by Eustis. (Rec. Doc. 40-2 at 2). Thus, the clear language of the contract obligates Eustis to defend and indemnify Shaw in the present matter.

### III. CONCLUSION

Accordingly

IT IS ORDERED that Shaw's Motion for Summary Judgment is GRANTED. (Rec. Doc. 40-1).

New Orleans, Louisiana, this 20th day of July, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE