UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEPHEN WAYNE WILLIAMS                          CIVIL ACTION

VERSUS                                           NO. 10-2309

TRAYLOR-MASSMAN-WEEKS, LLC, et al.              SECTION: "C" (4)


**ORDER AND REASONS**[1]

Before the Court is a Motion for Summary Judgment filed by Defendants Traylor-Massman-Weeks, LLC, Traylor Bros., Inc., Massman Construction Co., and Weeks Marine, Inc. (collectively "TMW"). (Rec. Doc. 44). Plaintiff Stephen Wayne Williams ("Williams") opposes the motion. (Rec. Doc. 50). Having reviewed the memoranda of the parties, the record in the case, and the applicable law, the Court DENIES the motion for the following reasons.

**BACKGROUND**

This litigation comes before the Court because of injuries suffered by Williams during his employment with Eustis Engineering Services, LLC ("Eustis"). (Rec. Doc. 44-1 at 1). Williams worked as a pile counter for Eustis, who had a contract to assist with the Inner Harbor Navigation Canal Project. (Rec. Doc. 42-1 at 1). To perform his duties as a pile counter, Williams would stand on a trestle-mounted work platform ("the template") and observe the number of times a pile was struck by a pile driver. *Id*. at 2. TMW owned and operated a barge known as the 7000 Barge, which was used for the pile driving project. (Rec. Doc. 50 at 4). During the workday, this barge was spudded down adjacent to the template to provide a work platform for various laborers. (Rec. Doc.

---

[1] Greg Feeney, a second-year student at Loyola University New Orleans College of Law, assisted in the preparation of this order.

50-3 at 2). When there was not a pile being driven, Williams would walk from the template to the 7000 Barge by crossing a catwalk and descending a stairway. (Rec. Doc. 50 at 4).

At the end of his shift on December 7, 2009, Williams fell and suffered injuries while crossing from the template to the barge. *Id*. at 5. Williams alleges that as he was crossing the catwalk, the stairway "kicked up" into the air a distance between eighteen to thirty-six inches. *Id*. Further, Williams alleges that because of the stairway's condition, he did not know whether to continue down the stairway or walk back to the template. *Id*. Williams walked onto the stairway and then when the stairway allegedly slammed down onto the deck of the barge, Williams fell onto the deck of the barge, suffering injuries. *Id*. Williams filed claims against TMW, Shaw Environmental & Infrastructure, Inc. ("Shaw"), and Eustis pursuant to the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950, and the Jones Act, 46 U.S.C. § 688. (Rec. Doc. 1), (Rec. Doc. 21). Specifically, Williams claims that his injuries were caused by the negligence of TMW's actions, including their failure to (1) "provide safe ingress and egress"; (2) "correct dangerous conditions"; (3) "maintain equipment needed for the performance of [William's] work"; (4) "provide a safe place for [Williams] in which to work," and also that (5) "the catwalk, stairs, inadequate lighting, and method of ingress and egress afforded [Williams] . . . rendered the [barge] unseaworthy. (Rec. Doc. 1 at 4), (Rec. Doc. 17-1 at 2). In response, TMW asserts that because Williams had full knowledge of the stairway's dangerous condition and still continued down the stairway, TMW cannot be liable for the incident. (Rec. Doc. 44-1 at 12). Also, TMW claims that the stairway was not unreasonably dangerous. *Id*. TMW has filed for summary judgment. (Rec. Doc. 44).

## LAW AND ANALYSIS

**a. Summary Judgment**

Summary judgment is proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

**b. Longshore and Harbor Worker's Compensation Act Claim**

Section 905(b) of the LHWCA allows for a longshoreman or harbor worker to sue vessel owners for an injury caused to the plaintiff "by the negligence of a vessel." 33 U.S.C. § 905(b). However, "the liability of the vessel under [the LHWCA] shall not be based upon the warranty of seaworthiness or a breach thereof." *Id*. Thus, only evidence of "vessel negligence" can serve as the basis for William's tort claim against TMW. *See Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 169 (1981). "Vessel negligence" can be shown by (1) a breach of the "turnover duty, (2) a breach of the active control duty or (3) a breach of the duty to intervene. *See id.* at 167. The Fifth Circuit has interpreted *Scindia* to find a vessel owner liable for negligence if:

> 1) the vessel owner fails to warn on turning over the ship of hidden defects of which he should have known.
>
> 2) for injury caused by hazards under the control of the ship
>
> 3) the vessel owner fails to intervene in the stevedore's operations when he has actual knowledge both of the hazard and that the stevedore, in the exercise of "obviously improvident" judgment, means to work on in the face of it and therefore cannot be relied on to remedy it.

*Randolph v. Laiesz*, 896 F.2d 964, 970 (5th Cir. 1990) (citing *Masinter v. Tenneco Oil Co.*, 867 F.2d 892, 897 (5th Cir. 1989)). It follows that a vessel owner has a duty to "warn the stevedore of hidden danger which would have been known to [the vessel owner] in the exercise of reasonable care. *Teply v. Mobil Oil Corp.*, 859 F.2d 375, 378 (5th Cir. 1988) (quoting *Scindia*, 451 U.S. at 167). This duty is owed to stevedores as well as other harbor workers who work onboard vessels. *Id*.

In support of summary judgment, TMW relies heavily on the fact that Williams testified to have seen the stairway in its "kicked up" position before continuing to proceed down the stairs. (Rec. Doc. 44-1 at 8). TMW claims that this testimony along with the fact that another employee

told Williams to stop made the danger posed by the stairway open and obvious. (Rec. Doc. 44-1 at 8). However, the Court is unwilling to conclude as a matter of law that Williams cannot recover damages. Williams has produced a report by Shaw's safety inspector suggesting that "extra lighting on barges may help," avoid future incidents. (Rec. Doc. 50-8). Also, Williams testified that he did not see the position of the stairs until he was upon them and that at that point he was unsure of whether to proceed or turn around. (Rec. Doc. 50-4 at 2-3).

Additionally, Williams points to 29 CFR § 1926.605(b)(7) which provides that "the means of access shall be adequately illuminated for its full length." The Court notes that ,when a plaintiff is not an employee of the defendant, as is the situation in this case, OSHA regulations may only be used to establish the standard of care exacted of employers. *Dixon v. Int'l Harvester Co.*, 754 F.2d 573, 581 (5th Cir. 1985). In light of these facts, the Court concludes that there is an issue of fact as to whether the danger posed by the stairway was open and obvious or whether TMW was negligent in not providing adequate lighting.

Further, Williams has brought forth evidence that TMW had previous knowledge that the stairway was prone to be "kicked up" and yet did not take reasonable action to address the problem. Williams asserts that a rope was attached to the stairway to keep it attached to the deck of the barge. (Rec. Doc. 50 at 9). Although TMW argues that this is purely speculative, Williams has produced several photographs which support his argument. (Rec. Docs. 50-2, 50-14, 50-15). With the facts viewed in the light most favorable to the non-moving party, this Court holds that whether TMW had prior knowledge of the stairway's condition is an issue more appropriate for the fact-finder to decide.

Thus, at this point in the litigation, the Court is unwilling to conclude that TMW is entitled

5

to judgment as a matter of law. A reasonable fact finder could find that Williams would not have been injured if TMW provided better lighting or took more care in ensuring that the stairway was secure.

## CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment (Rec. Doc. 44) is DENIED.

New Orleans, Louisiana, this 4th day of August, 2011.

                                          **HELEN G. BERRIGAN**
                                          **UNITED STATES DISTRICT JUDGE**