UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN WAYNE WILLIAMS | CIVIL ACTION |
| VERSUS | NO: 10-2309 |
| TRAYLOR-MASSMAN-WEEKS, LLC, ET AL | SECTION: "C" (4) |

### ORDER & REASONS

Before the Court is Defendant's Motion for Entry of Rule 54(b) Judgment filed by Shaw Environmental & Infrastructure, Inc. ('Shaw"). (Rec. Doc. 124). Based on the record, memoranda of counsel, and the law, the Court GRANTS Shaw's Motion for the following reasons.

### BACKGROUND

The United States Army Corps of Engineers retained Shaw to oversee the Inner Harbor Navigational Project ("Project"). (Rec. Doc. 40-1 at 1). Shaw contracted with several subcontractors, including Defendants Traylor-Massman-Weeks, LLC ("TMW") and Eustis Engineering, Inc. ("Eustis") to complete the Project. *Id.* Shaw and Eustis entered a Work Agreement on July 12, 2008 that included a defense provision requiring Eustis to "defend, indemnify and hold harmless" and "release" Shaw from all liabilities except those solely attributable to Shaw. (Rec. Doc. 40-2 at 2). Plaintiff Stephen Wayne Williams, a Eustis employee, sustained injuries while working on the Project. Plaintiff filed suit against Shaw, TMW, and Eustis, seeking damages. (Rec. Doc. 1, 20). Shaw then filed a cross-claim against Eustis, seeking indemnity and defense pursuant to the Work Agreement. (Rec. Doc. 24 at 2-3).

1

Subsequently, Shaw moved for summary judgment against Plaintiff, arguing that as a principal contractor, it could not be held liable for any torts committed by its independent contractors, including TMW and Eustis. On July 19, 2011, the Court granted that motion, absolving Shaw of liability toward the Plaintiff. (Rec. Doc. 103 at 5). Additionally, Shaw moved for summary judgment regarding its cross-claim against Eustis, arguing that the parties' Work Agreement obligated Eustis to defend and indemnify Shaw. On July 20, 2011, the Court granted that motion, obligating Eustis to "defend and indemnify Shaw against liabilities that arise out of services provided by Eustis." (Rec. Doc. 107 at 5). Shaw now asks the Court to enter a final judgment on its behalf pursuant to the Court's July 19 and 20, 2011 Orders.

## **LAW & ANALYSIS**

Federal Rule of Civil Procedure 54(b) provides, in pertinent part, that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. Proc. 54(b). In ruling on a Rule 54(b) motion, the Court "must first determine that it is dealing with a 'final judgment'" in that it is the "ultimate disposition" of a decision on a cognizable claim. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980); *see also Briargrove Shopping Center Joint Venture v. Pilgrim Enterprises, Inc.*, 170 F.3d 536, 539 (5th Cir. 1999). Next, the Court must determine whether there is any just reason for delay by considering judicial economy and the equities implicated. *Id.* In other words, the Court must weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992). Relevant factors include whether the claims were "separable from the others

2

remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss*, 446 U.S. at 8.

A Rule 54(b) certification may not be appropriate when the underlying order granted summary judgment on a duty to defend. The Fifth Circuit has held that a Rule 54(b) judgment is premature where a party moves for summary judgment on a duty to defend and associated costs and fees, and the court's order disposes only of the duty to defend. *Landry v. G.B.A.*, 762 F.2d 462, 464 (5th Cir. 1985). However, other courts have held that, as a general matter, certification of a ruling on a duty to defend claim is appropriate for Rule 54(b) judgment. *See, e.g., State of N.Y. v. AMRO Realty Corp.*, 936 F.2d 1420, 1426 (2d Cir. 1991). Finally, consent of the parties is not determinative of whether the Court should exercise its discretion to enter a Rule 54(b) judgment. *Namasco Corp. v. Acadian Shipyard, Inc.*, 2001 WL 839760 (E.D. La.).

Here, Eustis did not file an opposition to the instant Motion. Shaw and Plaintiff agree that the case involves multiple parties and claims, and that all claims involving Shaw are severable from claims involving the other defendants, and that all of the claims involving Shaw have been adjudicated. (Rec. Docs. 124-1 at 3, 125 at 2). Shaw and Plaintiff disagree, however, in balancing the inconvenience of piecemeal review against the risk of denying justice by delay. Shaw argues that there is "no just reason for delay" in issuing judgment because the only remaining issues involve Eustis's and TMW's negligence, and the issues for which the Court granted summary judgment are wholly distinct. (Rec. Doc. 124-1 at 3). Plaintiff submits that a 54(b) judgment may prejudice him in the event that TMW and Eustis obtain a stay of proceedings from this Court while an appeal against Shaw is pending, which would delay trial of the remaining issues. (Rec. Doc. 125 at 2).

The Court finds that both statutory requirements for a Rule 54(b) judgment have been met by Shaw. The Court's July 19 and 20, 2011 Orders granting summary judgment to Shaw against

Plaintiff and Eustis, respectively, disposed of all claims that each Plaintiff and Eustis had against Shaw. Specifically, as to Plaintiff's claims, the Court stated that "Shaw cannot be held liable for any offenses committed by their sub-contractors Eustis or TMW." (Rec. Doc. 103 at 5). As to Eustis's claims, the Court ordered Eustis to "defend and indemnify Shaw against liabilities that arise out of services provided by Eustis." (Rec. Doc. 107 at 5). No unresolved issues regarding the duty to defend are apparent in this this Order, and Eustis fails to point to any such issues. (Rec. Docs. 107).

Furthermore, the issues disposed of in the Court's Orders for summary judgment are distinct from any remaining issues. In particular, the narrow holdings in the Court's July 19, 2011 Order were that Shaw and Eustis had a principal-independent contractor relationship, that Shaw did not exercise operational control over Eustis, and thus that Shaw cannot be liable for TMW or Eustis's torts against Plaintiff. (Rec. Doc. 103 at 3-4). The holdings in the Court's July 20, 2011 Order were that Shaw did not "charter" the relevant barge and that the indemnity clause in the Work Agreement was valid because it was "clear" and did not lead to absurd consequences, as required under Louisiana law. (Rec. Doc. 4-5). Plaintiff's remaining claims are against Eustis and TMW for negligence. (Rec. Docs. 1, 21). Shaw has no further claims against Eustis. Plaintiff advanced no arguments countering the fact that this Court will be inconvenienced by having to consider the same issues again or that future developments in the litigation will interfere with appellate review of the issues already disposed of in the Court's July 19 and 20, 2011 Orders. Finally, Plaintiff offers no authority for its claim that 54(b) certification in Shaw's favor will prejudice Plaintiff. Thus, the Court finds that there is no just reason for delay in issuing judgment in favor of Shaw against Plaintiff pursuant to its July 19, 2011 Order and against Eustis pursuant to its July 20, 2011 Order.

Accordingly,

IT IS ORDERED that Defendant Shaw Environmental & Infrastructure, Inc.'s Motion for

Entry of Rule 54(b) Judgment is GRANTED. (Rec. Doc. 124).

New Orleans, Louisiana, this 17th day of October, 2011.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**