UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN WAYNE WILLIAMS | CIVIL ACTION |
| VERSUS | NO:   10-2309 |
| TRAYLOR-MASSMAN-WEEKS, LLC, ET AL | SECTION: "C" (4) |

ORDER & REASONS

Before the Court is Plaintiff's Motion to Strike Defendants' Jury Demand. (Rec. Doc. 160). Based on the record, memoranda of counsel, and the law, the Court GRANTS Plaintiff's Motion for the following reasons.

BACKGROUND

Plaintiff Stephen Wayne Williams filed this personal injury suit under 33 U.S.C. § 905(b) and the general maritime law and expressly designated it as a maritime and admiralty case for purposes of Federal Rule of Civil Procedure 9(h). (Rec. Doc. 1 at ¶¶ 1-3). Plaintiff filed an Amended Complaint, in which he re-averred all parts of the original Complaint, added Eustis Engineering Company of Mississippi ("Eustis") as a defendant, and added a claim under the Jones Act, 46 U.S.C. § 688, against all of the defendants. (Rec. Doc. 21 at ¶¶ 2, 4). Plaintiff did not allege diversity jurisdiction. Plaintiff did not demand a jury. Nevertheless, the original Scheduling Order indicates that the case would be tried by a jury. (Rec. Doc. 16 at 3). The Court granted Plaintiff's Motion to Continue Trial, and the new Scheduling Order also indicates that the case would be tried by a jury. (Rec. Doc. 96 at 3). Defendants Traylor-Massman-Weeks, LLC ("TMW") demanded a

1

jury trial in its responsive pleadings.  (Rec. Doc. 11 at 7; Rec. Doc. 19 at 3).  Plaintiff filed his Motion to Strike Defendants' Jury Demand with a submission date of February 29, 2012, that is, the last possible date for submission of pretrial motions.  (Rec. Doc. 160).

## **LAW & ANALYSIS**

Federal Rule of Civil Procedure 9(h) provides, in pertinent part, that:

> A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claims as an admiralty or maritime claim for the purposes of 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims.

Fed. R. Civ. Proc. 9(h).  Rule 38(e) states that "these rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)."  Fed. R. Civ. P. 38(e).  As the Fifth Circuit has interpreted Rule 9(h), if (1) a suit falls under admiralty as well as another ground of jurisdiction and (2) the complaint contains a statement identifying the claim as an admiralty or maritime claim, then there is no right to a jury trial.  *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir. 1983).

Here, there is no dispute that the case falls under the Court's admiralty jurisdiction.  Further, the Complaint contains a statement characterizing the claim as a maritime and admiralty claim.  (Rec. Doc. 1 at ¶ 3).  Therefore, no jury trial right exists.

Citing *Fauntleroy v. Omega Protein, Inc.*, TMW argues that a plaintiff's designation of the claim as a maritime or admiralty claim need not result in a bench trial.  2000 WL 1532891, at *2 (E.D. La. 2000).  In *Fauntleroy*, the Plaintiff, suing under the Jones Act and the general maritime law, requested a jury trial and did not designate his claim as a maritime or admiralty claim.  In his amended complaint, he designated the claim as a maritime or admiralty claim.  The defendant made a jury demand in its answer to the amended complaint.  This Court held that by designating the claim

2

as a maritime or admiralty claim in his amended complaint, the plaintiff effectively withdrew his request for a jury trial, and that the defendant could not be deprived of its properly invoked right to jury trial because of the plaintiff's "unilateral change of mind." 2000 WL 1532891, at *1. In contrast, here, Plaintiff never invoked diversity jurisdiction or his right to a jury trial, and thus defendants are not prejudiced by any "change of mind." Plaintiff's failure to file a motion to strike TMW's jury demand before the eve of trial does not constitute an affirmative request for a jury trial.

Similarly, *Epic Technical Services, Inc. v. Williams Field Services – Gulf Coast Company, LP*, is inapplicable to the instant case. 2003 WL 21715026 (E.D. La. 2003). In *Epic*, neither party filed a jury demand but the case was designated as a jury trial in the scheduling order, and the defendant indicated in the pretrial order and in a motion to continue that it sought a jury trial. Subsequently, the defendant moved to strike any references to a jury trial; the plaintiff moved for a jury trial. Although the plaintiff had not made a jury request in its complaint, thus waiving that right under Rule 38(b), this Court exercised its discretion under Rule 39(b) to relieve the plaintiff of that waiver and granted the plaintiff's motion for a jury trial. 2003 WL 21715026 at *3. The Court granted the plaintiff's motion for a jury trial. *Epic* did not involve admiralty or maritime jurisdiction. Here, under 9(h), neither party has a right to a jury trial. Further, although there is a right to jury trial under the Jones Act, only the plaintiff has the right to invoke it in cases where the plaintiff did not pursue his Jones Act claim through the "saving suitors" clause of the Jones Act. *See Rachal*, 795 F.2d 1210, 1213-1214 (5th Cir. 1986). Here, Plaintiff did not invoke the "saving suitors" clause of the Jones Act. Furthermore, Plaintiff never requested a jury trial. Accordingly, a jury trial is unavailable.

Finally, TMW argues that the Court may not have admiralty jurisdiction over this case, such that the Rule 9(h) prohibition against jury trials would not apply. Admiralty jurisdiction requires (1) that the tort occurred on navigable water or, if it occurred on land, that it was caused by a vessel

3

on navigable water; and (2) that the general features of the tort and the events leading up to it had a "potentially disruptive impact on maritime commerce" and indicated a "substantial relationship to traditional maritime activity." *Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). Here, Plaintiff's claim meets both prongs according to his Complaint. First, he alleged that his injury occurred when he was on a barge using maritime equipment located on navigable waters of the United States. (Rec. Doc. 1 at ¶ 15). Second, he allegedly injured himself while providing technical assistance in the construction of a flood wall for the Inner Harbor Navigational Canal, and he was a "harbor worker" working in a "maritime employment" as defined by the Longshoreman's and Harbor Worker's Compensation Act, 33 U.S.C. § 901. There is little question that injury to a maritime employee could be "disruptive to maritime commerce." Furthermore, building a flood wall in a canal is clearly substantially related to "traditional maritime activity. Plaintiff's allegations convince the Court that it has admiralty jurisdiction over this case.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Strike Defendants' Jury Demand is GRANTED. (Rec. Doc. 160).

New Orleans, Louisiana, this 27th day of March, 2012.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**