UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN WAYNE WILLIAMS | CIVIL ACTION |
| VERSUS | NO:   10-2309 |
| TRAYLOR-MASSMAN-WEEKS, LLC, ET AL | SECTION: "C" (4) |

ORDER & REASONS

Before the Court is Shaw Environmental & Infrastructure, Inc.'s ("Shaw") Motion for Attorney Fees & Costs. (Rec. Doc. 215). Eustis Engineering Company of Mississippi ("Eustis") opposes the motion by claiming that 1) Shaw's motion is untimely, 2) Shaw is only entitled to defense based attorneys fees and costs and 3) Shaw has not proved its fees and expenses are reasonable. (Rec. Doc. 225). Based on the record, memoranda of counsel, and the law, the Court GRANTS Shaw's Motion as to the timeliness of its request and refers the matters of the scope and reasonableness of attorney's fees to the Magistrate Judge.

BACKGROUND

The United States Army Corps of Engineers retained Shaw to oversee the Inner Harbor Navigational Project ("Project"). (Rec. Doc. 40-1 at 1). Shaw contracted with several subcontractors, including Defendants Traylor-Massman-Weeks, LLC ("TMW") and Eustis Engineering, Inc. ("Eustis") to complete the Project. *Id.* Shaw and Eustis entered a Work Agreement on July 12, 2008 that included a defense provision requiring Eustis to "defend, indemnify and hold harmless" and "release" Shaw from all liabilities except those solely attributable

1

to Shaw. (Rec. Doc. 40-2 at 2). Plaintiff Stephen Wayne Williams, a Eustis employee, sustained injuries while working on the Project. Plaintiff filed suit against Shaw, TMW, and Eustis, seeking damages. (Rec. Doc. 1, 20). Shaw then filed a cross-claim against Eustis, seeking indemnity and defense pursuant to the Work Agreement. (Rec. Doc. 24 at 2-3).

Subsequently, Shaw moved for summary judgment against Plaintiff, arguing that as a principal contractor, it could not be held liable for any torts committed by its independent contractors, including TMW and Eustis. On July 19, 2011, the Court granted that motion, absolving Shaw of liability toward the Plaintiff. (Rec. Doc. 103 at 5). Additionally, Shaw moved for summary judgment regarding its cross-claim against Eustis, arguing that the parties' Work Agreement obligated Eustis to defend and indemnify Shaw. On July 20, 2011, the Court granted that motion, obligating Eustis to "defend and indemnify Shaw against liabilities that arise out of services provided by Eustis." (Rec. Doc. 107 at 5). After that, Shaw asked the Court to enter a final judgment on its behalf pursuant to the Court's July 19 and July 20, 2011 Orders. The Court entered a Rule 54(b) final judgment in favor of Shaw and against Eustis on October 19, 2011. (Rec. Doc. 136). Shaw now asks the Court to award attorneys' fees and costs from Eustis in the amount of $87,745.15 to defend and indemnify it for defense and costs in this matter. (Rec. Doc. 215, p. 2).

## LAW & ANALYSIS

The Court found that Eustis was obligated to defend and indemnify Shaw in the present matter. (Rec. Doc. 107, p. 5). In deciding this, the Court informed the parties that: "[a] contract of indemnity should be construed to cover all losses, damages, or liabilities which reasonably appear to have been within the contemplation of the parties." *Corbitt v. Diamond M. Drilling Co.*, 654 F.2d 329, 333 (5th Cir. 1981)." (*Id.*). A duty to indemnify includes the obligation to pay the costs and attorney fees of the indemnitee against the third

party. *Lirette v. Popich Bros. Water Transp., Inc.*, 699 F.2d 725, 733 (5th Cir. 1983); *Signal Oil & Gas Co. v. Barge W-701*, 654 F.2d 1164, 1178 (5th Cir. 1981). Eustis argues that Shaw should not receive attorney's fees because its request for attorney's fees was untimely.

The Court finds that Shaw made a timely motion for attorney's fees. Shaw submitted a motion for summary judgment asking for Eustis to defend and indemnify it. (Rec. Doc. 40). The Court granted that motion. (Rec. Doc. 107). Shaw made the motion based on Section 7 of the work agreement between it and Eustis. (Rec. Doc. 40 at 7). In the motion, Shaw cited to the Work Agreement, Section 7, to argue it was entitled to indemnification for "costs and expenses including reasonable legal fees and other expenses of investigation and litigation arising out of or related to Contractor's (Eustis) breach of this Agreement and/or for all injuries to and death of persons and for loss of or damages to property . . . ." *Id.* at 2. In doing so, Shaw asked for attorney's fees in its motion for summary judgment. *Id.*

A motion for attorney's fees can be submitted in one of two ways. Either "the substantive law requires those fees to be proved at trial as an element of damages, or a motion must be made with a claim for attorney's fees within 14 days after the entry of final judgment. F.R.C.P. 54(d)(2). Here, the substantive law governing the action provided for recovery of those fees as an element of damages to be proved at trial. *United Industries, Inc. vs. Simon-Hartley, LTD*, 91 F.3d 762 (5th Cir. 1996), n.7. In this instance, the attorney's fees were provided for in the defense and indemnity language in the contract between Eustis and Shaw. *See* Work Agreement, Section 7 in Rec. Doc. 40, Exh. 1 at 2. When a Court's attention has been directed to the issue of attorney's fees as it was by inclusion of the citation to Section 7 of the Work Agreement in the motion for summary judgment (Rec. Doc. 40), a court may grant attorney's fees even after the 14-day deadline as long as the contractual language between the parties provides for the grant of attorney's fees and costs. *Engel v.*

3

*Teleprompter Corp., et al*, 732 F.2d 1238, 1242 (5th Cir. 1984). Here, the contractual language provided that Eustis would defend and indemnify Shaw for any legal fees and costs of litigation, and therefore a grant of attorney's fees and costs to Shaw is appropriate.

The Magistrate Judge shall determine the scope and reasonableness of Shaw's attorney's fees.

Accordingly,

IT IS ORDERED that Shaw's motion for Attorney's Fees and Costs is GRANTED. Rec. Doc. 215.

IT IS FURTHER ORDERED that the motion is referred to Magistrate Judge Roby for determination of the appropriate scope and reasonable amount of attorney's fees. Rec. Doc. 215.

New Orleans, Louisiana, this 20th day of March, 2013.

**HELEN G. BERRIGAN**
**U.S. DISTRICT JUDGE**