**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STEPHEN WAYNE WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-2309** |
| **TRAYLOR-MASSMAN-WEEKS, LLC, ET AL.** | **SECTION: "C" (4)** |

**ORDER AND REASONS**

Before the Court is defendant Shaw Environmental & Infrastructure, Inc.'s ["Shaw's"] Motion for Review and Objection to Magistrate Judge's Report and Recommendations, filed September 13, 2013 [Rec. Doc. 284] and the opposition thereto filed by defendant Eustis Enginering Company, Inc. ["Eustis"] on October 1, 2013. Rec. Doc. 287. The report and recommendations in question were filed August 30, 2013 and address defendant Shaw's Motion for Attorney's Fees and Costs [Rec. Doc. 215]. On September 19, 2013, the Court ordered that Shaw's motion for attorney's fees and costs be granted in part and denied in part, consistent with the Magistrate Judge's report and recommendations; however, it did so, noting incorrectly that no party had filed any objection to the report and recommendations. Rec. Doc. 285. In light of Shaw's timely-filed objection to the Magistrate Judge's report and recommendation, *see* Fed. R. Civ. P. 72(a), the Court hereby vacates its previous order in part [Rec. Doc. 285], and enters the following order.

Because the report and recommendations are objected to, the Court reviews them de novo. Fed. R. Civ. P. 72(a). Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547 (1984). A fee request is

reasonable if it falls within the range of reasonable fees awarded. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of reasonable fees necessarily includes an affidavit of the attorney performing the work and information of rates billed or paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11, 104 S. Ct. at 1547 .

The starting point for determining reasonable attorney's fees in this case is the lodestar calculation - the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Malin Int'l Ship Repair & Drydock, Inc. v. M/V SEIM SWORDFISH*, 611 F. Supp. 2d 627, 633 (E.D. La. 2009) (applying lodestar method to maritime contract indemnity provisions), *aff'd sub nom. Malin Int'l Ship Repair & Drydock, Inc. v. Veolia Es Special Servs., Inc.*, 369 F. App'x 553 (5th Cir. 2010). That resulting figure is presumed reasonable, but a court may increase or reduce it based on the twelve factors set forth in *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Nevertheless, the lodestar amount should be modified only in exceptional cases. *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 2641 (1992).

Shaw objects to the magistrate's reduction of the rate applicable to attorney Nyka Scott, the striking of fees for one paralegal, the reduction of entries deemed vague by 50%, the reduction of block-billed entries by 30%, and denial of fees and costs incurred with the motion for attorneys' fees. In addition, Eustis raises several independent objections to the magistrate's report and recommendations in its opposition to Shaw's motion for review. The Court addresses each issue in turn.

*A. Nyka Scott's Rate* -

"To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates." *Louisiana Power & Light*, 50 F.3d at 327-28 (citing *H.J., Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991)). The actual amount paid in fees is not dispositive. *Id.* at 328 (citing *Blum*, 465 U.S. at 895-96). Shaw argues that the Magistrate Judge arbitrarily reduced Attorney Scott's requested rate from the requested and actual billing rate of $198 per hour to a rate of $180 per hour. The only evidence offered to support Attorney Scott's requested rate is the National Law Journal billing survey from 2008, published some 20 months before this case was filed, and the affidavit of Kenneth Klemm, a partner in Attorney Scott's law firm with an obvious interest in the outcome of this motion. Setting aside the date of publication as a limiting factor, the billing survey in question is a poor indicator of reasonable rates in this case. It is based on self-reporting by law firms, without any apparent verification mechanism. More importantly, the surveys do not indicate "whether the type of work performed by the firms was similar to the work performed here in nature or complexity, and they do not indicate whether the professionals performing them are similar to the professionals here." *Fed. Trade Comm'n v. Circa Direct LLC*, 912 F. Supp. 2d 165, 169-70 (D.N.J. 2012). The cases cited by the Magistrate Judge at least account for years of experience. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 285 (E.D. La. 2008); *Burne v. Dunes of Destin Neighborhood Ass'n, Inc.*, CIV.A. 10-0956, 2010 WL 5300844 (E.D. La. Dec. 17, 2010). Moreover, the issues in this case are neither complex nor novel. In light of the foregoing, the Magistrate's proposed $18 per hour reduction is appropriate.

B. *Striking of Paralegal Fees* -

The Magistrate Judge recommended striking the paralegal fees in their entirety for Lori Hunter, based upon Shaw's failure to support Ms. Hunter's qualifications to perform paralegal

3

services, a failure which Shaw has not addressed in the current pleadings. Even so, a lack of documentation need not be a total bar to recovery of fees for paralegal time. *See Wagner v. Boh Bros. Const. Co., LLC*, 11-2030, 2012 WL 3637392 (E.D. La. Aug. 22, 2012) (awarding paralegal fees, even though party "ha[d] not submitted any evidence to support the $100 per hour rate charged by the paralegals who worked on this case"). For Ms. Hunter, whose qualifications are in question, the magistrate judge should simply select the lowest rate of paralegal compensation deemed reasonable in this jurisdiction.

*Reduction of Vague Entries -*

The district court has broad discretion to exclude or reduce entries that are vague. *Walker v. City of Mesquite, Texas*, 313 F.3d 246, 252 (5th Cir. 2002). In this case, the magistrate judge made an appropriate recommendation to reduce the amount billed for vague activities by half in this case. The identity of a email recipient is relevant to a vagueness determination, insofar as an attorney might reasonably be expected to spend less time emailing a secretary than a partner about the exact same pleading.

*C. Reduction for Block Billing -*

The Court embraces the Magistrate Judge's definition of block billing. When an entry refers to the action taken on multiple items of correspondence with uncertain connection to the case, it will tend to frustrate attempts to review the fee request for reasonableness. Further, Shaw fails to appreciate that only half of Attorney Scott's September 1, 2010 entry was selected for reduction as block billing. It is clear that the magistrate judge honored the times indicated by Attorney Scott in parentheses as appropriate single billing, whenever the time given accounted for a single activity.

*D. Determination of Costs and Interest from Defending Williams's Claim*

The "Work Agreement" between Eustis and Shaw clearly contemplates the awarding of costs and interest from the defense against lawsuits under its indemnity provision. *See* Rec. Doc. 40-2, p. 2. The matter of amount will be referred to the Magistrate Judge for appropriate determination in the first instance.

*E. Fees, Interests, and Costs of Pursuing Fee Petition -*

The Magistrate Judge ordered Shaw to supplement its fee petition with evidence substantiating the expense of pursing this fee petition. Contrary to Shaw's argument, this request was not premature, and Shaw's failure to timely comply with it rightly controls its ability to recover fees and cost.

*F. Objections Raised in Eustis's Opposition -*

Fed. R. Civ. P. 72 provides a 14-day time limit for objecting to the magistrate's report and recommendation. Eustis's opposition and objections were only filed on October 1, 2013, the 32nd day after the report and recommendation were served on counsel via the CM/ECF system. By failing to file objections within the prescribed limitations period, Eustis waived any objections to the report and recommendations. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996).

Accordingly,

**IT IS ORDERED** that the Court's previous order granting in part and denying in part Shaw Environmental & Infrastructure, Inc.'s Motion for Attorney's Fees & Costs [Rec. Doc. 285], is **VACATED** in part and **AFFIRMED** in part.

**IT IS FURTHER ORDERED** that Shaw's Motion for Attorney's Fees & Costs [Rec. Doc. 215] is **DENIED** with respect to the Shaw's request for fees, interests, and costs associated with

pursuing the instant fee petition.

**IT IS FURTHER ORDERED** that Shaw's Motion is referred back to the magistrate judge for the calculation of reasonable fees for the paralegal work of Lori Hunter and appropriate determination of the costs and interest associated with defending William's claim.

New Orleans, Louisiana, this <u>11th</u> day of <u>October</u> 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**